IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

FILED
IN OPEN COURT

JAN 1 2 2009

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 4:08CR147 |
| v. | ) | |
| | ) | |
| TERROL SPRUELL | ) | 21 U.S.C. §§ 846 and 841(a)(1) |
| (Count 1) | ) | Conspiracy to Possess with Intent to |
| | ) | Distribute and Distribute Cocaine |
| FRANCISCO RAMOS | ) | (Count 1) |
| a/k/a "Frankie" | ) | |
| (Counts 1 and 2) | ) | 18 U.S.C. § 1956(h) |
| | ) | Conspiracy to Launder Money |
| ELOY MARTINEZ | ) | (Count 2) |
| (Counts 1 and 2) | ) | |
| | ) | 21 U.S.C. § 841 |
| SEAN MIDDLETON, SR., | ) | Possession with Intent to Distribute Cocaine |
| (Counts 1 and 3) | ) | (Counts 3-11) |
| | ) | |
| PERCELL BURROWS | ) | 21 U.S.C. § 843 |
| a/k/a "Light" | ) | Use of Communication Facility |
| (Count 1) | ) | (Counts 12-20) |
| | ) | |
| RONALD STEVENS | ) | 21 U.S.C. § 853 |
| a/k/a "East" | ) | Forfeiture Allegation |
| (Counts 1, 4 and 12) | ) | |
| | ) | |
| ANTWAN JORDAN | ) | |
| a/k/a "Tweety Bird" | ) | |
| a/k/a "Bird" | ) | |
| (Counts 1, 5 and 13) | ) | |
| | ) | |
| MARCUS CHAMBLISS | ) | |
| a/k/a "Pugz" | ) | |
| (Counts 1, 6 and 14) | ) | |
| | ) | |
| ERIC CARR | ) | |
| a/k/a "Little E" | ) | |
| (Counts 1, 7 and 15) | ) | |
| | ) | |
| WILLIAM SANTIAGO | ) | |
| (Counts 1 and 2) | ) | |

RODNEY PARHAM )
a/k/a "Grown Man" )
(Count 1) )
)
CHARLES MALLORY )
(Count 1) )
)
CARLOS BAILEY )
a/k/a "Los" )
(Count 1) )
)
ERIC SMITH )
a/k/a "Capone" )
a/k/a "Pone" )
(Counts 1, 8 and 16) )
)
LINDA BUTCHER )
a/k/a "Red" )
(Count 1) )
)
LARRY WHALEY )
(Count 1, 9 and 17) )
)
RANARDO MILLER )
(Counts 1 and 18) )
)
DARRYL STUDIVANT )
a/k/a "Buddy" )
(Count 1) )
)
ALLEN JONES )
(Counts 1 and 19) )
)
ROBERT GRAVES )
a/k/a "Rasta Man" )
(Counts 1, 10 and 20) )
)
THOMAS EPPS )
(Counts 1, and 11) )

## SUPERSEDING INDICTMENT

JANUARY 2009 at Newport News, Virginia

## COUNT ONE

THE GRAND JURY CHARGES THAT:

Between the dates of in or about 2003, and in or about 2008, in the Newport News Division of the Eastern District of Virginia and elsewhere, the defendants, TERROL SPRUELL, FRANCISCO RAMOS, ELOY MARTINEZ, SEAN MIDDLETON, SR., PERCELL BURROWS, RONALD STEVENS, ANTWAN JORDAN, MARCUS CHAMBLISS, ERIC CARR, WILLIAM SANTIAGO, RODNEY PARHAM, CHARLES MALLORY, CARLOS BAILEY, ERIC SMITH, LINDA BUTCHER, LARRY WHALEY, RANARDO MILLER, DARRYL STUDIVANT, ALLEN JONES, ROBERT GRAVES, and THOMAS EPPS did unlawfully, knowingly and intentionally conspire together with other persons known and unknown to the grand jury to commit the following offenses against the United States:

1. To knowingly, intentionally and unlawfully possess with intent to distribute more than 5 kilograms of cocaine, a schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

2. To knowingly, intentionally and unlawfully distribute more than 5 kilograms of cocaine a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

(All in violation of Title 21, United States Code, Sections 846, and 841(a)(1)).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

From in or about and between 2004, and in or about 2008 in the Eastern District of Virginia and elsewhere, FRANCISCO RAMOS, WILLIAM SANTIAGO and ELOY MARTINEZ the defendants herein, did knowingly, willfully, and unlawfully combine conspire, confederate and agree with each other and other persons, both known and unknown, to knowingly, willfully, and unlawfully conduct, attempt to conduct, and cause to be conducted financial transactions affecting interstate commerce, including the purchase, lease, financing, transfer and sale of personal and investment properties, including telephones and cellular telephones, rental vehicles, vehicles, residences, rental properties, stash houses, travel expenses, and the shipment and transportation of controlled substances and the remittance of monies derived from their illegal distribution to and from the Eastern District of Virginia and elsewhere, which involved the proceeds of a specified unlawful activity, that is, felonious sale and distribution of controlled substances by the defendants named in this Indictment, and that, while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity and knowing that the financial transactions were designed in whole and in part to conceal or disguise the nature, the location, the source, the ownership, or control of the proceeds of the said specified unlawful activity.

(All in violation of Title 18, United States Code, Section 1956(h)).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

In or about Summer 2004, within the Eastern District of Virginia, the defendant, SEAN MIDDLETON, SR, did unlawfully, knowingly and intentionally possess with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

In or about 2008, within the Eastern District of Virginia, the defendant, RONALD STEVENS, did unlawfully, knowingly and intentionally possess with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

In or about 2007, within the Eastern District of Virginia, the defendant, ANTWAN JORDAN, did unlawfully, knowingly and intentionally possess with intent to distribute more than five hundred grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii)).

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

In or about Summer 2007, within the Eastern District of Virginia, the defendant, MARCUS CHAMBLISS, did unlawfully, knowingly and intentionally possess with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 13, 2008, within the Eastern District of Virginia, the defendant, ERIC CARR, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (B)(1)(C)).

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

In or about 2007, within the Eastern District of Virginia, the defendant, ERIC SMITH, did unlawfully, knowingly and intentionally possess with intent to distribute more than five hundred grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii)).

## COUNT NINE

THE GRAND JURY FURTHER CHARGES THAT:

In or about 2007, within the Eastern District of Virginia, the defendant, LARRY WHALEY, did unlawfully, knowingly and intentionally possess with intent to distribute more than five hundred grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii)).

## COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 9, 2008, within the Eastern District of Virginia, the defendant, ROBERT GRAVES, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (B)(1)(C)).

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about July 8, 2008, within the Eastern District of Virginia, the defendant, THOMAS EPPS, did unlawfully, knowingly and intentionally possess with intent to distribute more than five hundred grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii))

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 19, 2008, in the Eastern District of Virginia and elsewhere, the defendant, RONALD STEVENS, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about 2008, in the Eastern District of Virginia and elsewhere, the defendant, ANTWAN JORDAN, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine base.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 29, 2008, in the Eastern District of Virginia and elsewhere, the defendant, MARCUS CHAMBLISS, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 17, 2008, in the Eastern District of Virginia and elsewhere, the defendant, ERIC CARR, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 24, 2008, in the Eastern District of Virginia and elsewhere, the defendant, ERIC SMITH, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 25, 2008, in the Eastern District of Virginia and elsewhere, the defendant, LARRY WHALEY, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT EIGHTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 8, 2008, in the Eastern District of Virginia and elsewhere, the defendant, RANARDO MILLER, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT NINETEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 8, 2008, in the Eastern District of Virginia and elsewhere, the defendant, ALLEN JONES, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## COUNT TWENTY

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 8, 2008, in the Eastern District of Virginia and elsewhere, the defendant, ROBERT GRAVES, did unlawfully, knowingly and intentionally use a communication facility in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribute cocaine.

(All in violation of Title 21, United States Code, Section 843(b))

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER CHARGES THAT:

A.     The defendants,  TERROL SPRUELL, FRANCISCO RAMOS, ELOY MARTINEZ, SEAN MIDDLETON, SR., PERCELL BURROWS, RONALD STEVENS, ANTWAN JORDAN, MARCUS CHAMBLISS, ERIC CARR, RODNEY PARHAM, CHARLES MALLORY, CARLOS BAILEY, ERIC SMITH, LINDA BUTCHER, LARRY WHALEY, RANARDO MILLER, DARRYL STUDIVANT, ALLEN JONES, ROBERT GRAVES, and THOMAS EPPS if convicted of the violations alleged in Counts One hrough Eleven of the indictment, namely conspiracy to possess with intent to distribute and distribute cocaine, possession with intent to distribute cocaine and conspiracy to launder money, shall forfeit to the United States:

1.     Any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and

2.     Any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

3.     If any property that is subject to forfeiture above, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third person, (c) has been place beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 18 United States Code , Section 982(a)(1) and Title 21, United States Code, Section 853(p).

(In violation of Title 21, United States Code, Section 853 and Title 18 United States Code, Section 982(a)(1))

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

UNITED STATES V. TERROL SPRUELL, ET. AL., 4:08CR147

A TRUE BILL:

**REDACTED COPY**

_____
F O R E P E R S O N

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By: _____
Eric M. Hurt
Assistant United States Attorney
Virginia State Bar No. 35765
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
(757) 591-4000